UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE UPSHAW,<br><br>    Petitioner,<br><br>v.<br><br>JAMES ROBERTSON,<br><br>    Respondent. | Case No. 20-cv-03460-HSG<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

    Petitioner, a state prisoner incarcerated at Pelican Bay State Prison, commenced this action by filing a petition for writ of habeas corpus. Petitioner is serving a life without parole term. Dkt. No. 1 at 17. He asserts that prison officials violated his constitutional rights when they found him guilty of battery on a non-inmate causing serious bodily harm and assessed him a thirty-month term in the Secured Housing Unit. *See generally* Dkt. No. 1. For the reasons set forth below, the Court DISMISSES this action without prejudice to petitioner filing a civil rights action.

**DISCUSSION**

    The Court must dismiss this action for lack of habeas corpus jurisdiction because petitioner's claims do not affect the fact or duration of his confinement. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . .'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

Where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891–92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

In this action, petitioner asserts that prison officials violated his constitutional rights when they found him guilty of battery on a non-inmate causing serious bodily harm and assessed him a thirty-month term in the Secured Housing Unit. The petition does not attempt to challenge either the fact of petitioner's conviction or the length of his sentence. Rather, it goes entirely to the conditions of his confinement. Petitioner is serving a life without parole term. Success in this action therefore would not result in his release from prison or shorten his stay in prison.

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *superseded by statute on other grounds*, Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, as recognized in *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). However, the Court declines to do so here for the following reasons. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief. A habeas action differs in many ways from a civil rights action: (1) a habeas petitioner has no right to a jury trial on his claims; (2) the Court may be able to make credibility determinations based on the written submissions of the parties in a habeas action; (3) state court (rather than administrative)

remedies must be exhausted for the claims in a habeas action; (4) the proper respondent in a habeas action is the warden in charge of the prison, but he or she might not be able to provide the desired relief when the prisoner is complaining about a condition of confinement; and (5) damages cannot be awarded in a habeas action.  It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information pertinent to civil rights claims on a habeas form.

## CONCLUSION

For the reasons stated above, the Court hereby DISMISSES petitioner's habeas action without prejudice to filing a civil rights action under 42 U.S.C. §1983.  The Clerk shall include two copies of the court's civil rights complaint form with a copy of this order to petitioner.

**IT IS SO ORDERED.**

Dated: 7/6/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge